**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| BRANDON KEMP, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 7:26-cv-00056-WLS-AGH |
| CURTIS CARTER, *et al.*, | : | |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Brandon Kemp, a prisoner at Valdosta State Prison in Valdosta, Georgia, filed a complaint that has been docketed as a 42 U.S.C. § 1983 complaint (ECF No. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* (IFP) (ECF No. 9) and a motion to appoint counsel (ECF No. 10). As explained below, Plaintiff's IFP motion is **GRANTED** but his request for an appointed attorney is **DENIED**. Plaintiff must also recast his complaint.

## MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). IFP Motion, ECF No. 9. As it appears Plaintiff is unable to pay the cost of commencing this action, his application is **GRANTED**. However, a prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not available, the court must assess an initial partial filing fee. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he cannot pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In

such a case, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Trust Acct., ECF No. 9-1. Thus, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court shall send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act (PLRA), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**MOTION FOR AN APPOINTED ATTORNEY**

In his motion to appoint counsel, Plaintiff requested that the Court appoint him an attorney (ECF No. 10). A district court "may request an attorney to represent any person unable to afford counsel."[1] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam) (citations omitted). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In finding whether a case presents extraordinary circumstances, the Court considers

[1]The statute does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *see also Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and (5) whether the appointment of counsel would be of service to the parties and the court by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination. The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quotations and citation omitted).

The Court considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Plaintiff's case is not complex. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude counsel will be needed for the presentation of evidence or cross examination. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 10) is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **<u>on its own motion</u>**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the PLRA, district courts must conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A. Here, Plaintiff's allegations involve events taking place in multiple prisons, jails, and courts over a period of six years.[2] Compl. 3-13, ECF No. 1. Moreover, Plaintiff's statement of facts is not a clear and concise set of allegations. *Id.* To the contrary, it is a meandering laundry list of allegations that jumps around in time and place and includes "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).

First, the Court finds that Plaintiff has failed to comply with Rule 8(a)(2) and Rule10(b) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a civil complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires that a party state its claims in paragraphs limited to a single set of circumstances. Plaintiff's complaint does not consist of paragraphs limited to single set of circumstances. Compl., ECF No. 1. "[A] complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both" is a "shotgun pleading." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022). Shotgun pleadings include, as relevant

[2]Georgia's two-year personal injury statute of limitations governs 42 U.S.C. § 1983 civil rights claims. *Reynolds v. Murray*, 170 F. App'x 49, 50-51 (11th Cir. 2006) (per curiam) (citing Ga. Code. Ann. § 9-3-33 (1982)). Thus, claims that accrued more than two years before Plaintiff filed this complaint are likely barred by the statute of limitations.

here, complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; complaints that do not separate each cause of action into a different count; and complaints "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1322-23. The unifying trait among shotgun pleadings is that a plaintiff fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) ("A shotgun pleading is one where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." (quotations and citation omitted)). Plaintiff's complaint is a quintessential shotgun complaint. The leniency afforded *pro se* litigants does not permit them to file shotgun pleadings and the Eleventh Circuit has "condemned shotgun pleadings for decades[,]" repeatedly upholding their dismissal by district courts. *Nurse*, 618 F. App'x at 990. "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)

Second, Plaintiff's complaint raises unrelated claims taking place in multiple prisons and courts regarding his prosecution, habeas proceedings, due process claims, the conditions of his confinement, impermissible cell searches, and his medical care. Compl. 4, 6-13, ECF No. 1. Plaintiff has thus run afoul of Rule 20 of

the Federal Rules of Civil Procedure because he has improperly joined unrelated claims. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

Plaintiff's wide-ranging claims do not meet the requirements of joinder under Rule 20(a) because there are no common operative facts underlying the claims other than that they all involve Plaintiff; just because alleged events occur to one person during his incarceration does not necessarily make his claims related under Rule 20. *See, e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required

filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." 507 F.3d 605, 607 (7th Cir.2007) (citing 28 U.S.C. § 1915(g)). Thus, if Plaintiff still wants to raise unrelated claims against multiple defendants, then he must raise these claims in separate civil actions and address the filing fee for each civil action that he files.

Rather than recommending dismissal of Plaintiff's *pro se* complaint, the Court will afford him one opportunity to remedy the defects. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies."). **Plaintiff must file a recast complaint if he wishes to proceed.** Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every claim he may have due to his incarceration.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action.[3] It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

---

[3] In docketing this case, the clerk of court listed two Defendants. Plaintiff has an additional page in his lawsuit which he titles "Persons in Lawsuit, Continued[.]" Compl. 4, ECF No. 1. It is unclear whether Plaintiff intended the other numerous names on this list to be defendants in this action.

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official[4] and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) On what date(s) and where did each action occur?

(4) How were you injured because of this Defendant's actions or inactions?

(5) What relief do you seek from this Defendant?[5]

Plaintiff is to thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form. The recast complaint will take the place of Plaintiff's prior complaint, such that the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim. *See Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam). Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint. Any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. Plaintiff should state his claims as simply as possible in his recast complaint, referring only to the relevant allegations against his named defendants. If Plaintiff fails to link a Defendant to a claim, the claim will be dismissed; if Plaintiff makes

---

[4] Plaintiff is advised that he cannot simply name supervisors such as Prison Commissioners, Wardens, and Deputy Wardens based solely on their supervisory positions. Supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010).

[5] Plaintiff currently requests that he be released from prison. Release from prison is not available as a remedy in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

no allegations in the body of his complaint against a defendant, that defendant will be dismissed. If Plaintiff raises unrelated claims, the unrelated claims may be dismissed, or, in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court not to raise unrelated claims. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which "did not arise out of the same transaction, occurrence, or series of transactions or occurrences[.]" (quotations and citations omitted)); *Skillern*, 379 F. App'x at 860 (finding that district court did not abuse its discretion in dismissing case for plaintiff's failure to comply with Court's Order and his failure to comply with Rule 20 as to improperly joined claims.).

The Court will presume Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should avoid using legal terminology or citing any specific statute or case law to state a claim as he has confusingly attempted to do in his original complaint. ***The recast complaint cannot be longer than ten (10) pages in its entirety***. Plaintiff is not to include any exhibits or attachments that take his complaint beyond the ten-page limit.

## CONCLUSION

Plaintiff's motion to proceed IFP (ECF No. 9) is **GRANTED**. Plaintiff's request for the appointment of counsel (ECF No. 10) is **DENIED**. Plaintiff is **ORDERED** to recast his complaint on the Court's standard § 1983 form as

instructed above and he shall have **FOURTEEN (14) DAYS** from the date of this Order to do so. While this action is pending, Plaintiff must immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**

The Clerk of Court shall forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED**, this 24th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE